## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

**Thomas Perez, Secretary of Labor**
United States Department of Labor
(Wage and Hour Division)

       Plaintiff,

      v.

**D.C. Kabob, Inc., Grill Kabob of
Washington, Inc., Grill Kabob of Dulles,
Inc., Grill Kabob of Herndon, Inc., Grill
Kabob of Manassas, Inc., Reston Kabob,
Inc., Grill Kabob Express, Inc.,
Grill Kabob of Montgomery, Inc.,
Grill Kabob of Lake Forest, Inc. d/b/a
Grill Kabob Restaurants** and

**Naser Shoja,** individually and as
owner of Grill Kabob of Dulles, Inc.,
Grill Kabob of Herndon, Inc.,
Grill Kabob of Manassas, Inc., Grill Kabob
Express, Inc., D.C. Kabob, Inc., Grill Kabob
Of Washington, Inc., Grill Kabob of
Montgomery, Inc., Grill Kabob of Lake
Forest, Inc., and

**Omar Shoja,** individually and as
owner of Grill Kabob of Dulles, Inc.,
Grill Kabob of Herndon, Inc.,
Grill Kabob of Manassas, Inc., Grill Kabob
Express, Inc., D.C. Kabob, Inc., Grill Kabob
of Washington, Inc., Grill Kabob
of Montgomery, Inc., Grill Kabob of Lake
Forest, Inc., and

**Sher Shoja,** individually and as
owner of Grill Kabob of Herndon, Inc.,
Grill Kabob of Manassas, Inc., Grill Kabob
Express, Inc., D.C. Kabob, Inc., Grill Kabob
of Washington, Inc., Grill Kabob
of Montgomery, Inc., Grill Kabob of Lake
Forest, Inc.,

Civil Action No. _____

)
Defendants.                              )

## **COMPLAINT**

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor

("Plaintiff"), brings this action to enjoin Grill Kabob of Dulles, Inc.; Grill Kabob of Herndon,

Inc.; Grill Kabob of Manassas, Inc.; Reston Kabob, Inc.; Grill Kabob Express, Inc.; Grill Kabob

of Washington, Inc.; D.C. Grill Kabob, Inc.; Grill Kabob of Montgomery, Inc.; and Grill Kabob

of Lake Forest, Inc., known collectively as "Grill Kabob Restaurants" as well as Naser Shoja,

Omar Shoja, Sher Shoja, individually and in their corporate capacities ("Defendants"),  from

violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards

Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act," and for a

judgment against Defendants in the total amount of back wage compensation found by the Court

to be due to any of the former or current employees of Defendants pursuant to the Act and for

liquidated damages in an amount equal to the back wages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the

Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

For the time period relevant to this complaint, Defendant D.C. Grill Kabob, Inc., operated

and/or continues to operate a place of business, specifically a restaurant, at 1025 Vermont

Avenue NW in Washington, D.C. 20005, which is within the venue and jurisdiction of this

Court.

III.

For the time period relevant to this complaint, Defendant Grill Kabob of Washington, Inc., operated and/or continues to operate a place of business, specifically a restaurant, at 1331 Pennsylvania Avenue NW in Washington, D.C. 20004, which is within the venue and jurisdiction of this court.

IV.

For the time period relevant to this complaint, Defendant Grill Kabob of Dulles, Inc., operated and/or continues to operate a place of business, specifically a restaurant, at 21100 Dulles Town Circle in Dulles, Virginia  20166, and that business is part of a larger enterprise under section 3(r) of the Act, 29 U.S.C. §203(r), as described further in Paragraph XIV, which is uniformly operated within the jurisdiction of this court.  Accordingly, this court is also the appropriate venue for an action against this Defendant.

V.

For the time period relevant to this complaint, Defendant Grill Kabob of Herndon, Inc., operated and/or continues to operate a place of business, specifically a restaurant, at 905 Herndon Parkway in Herndon, Virginia  20170, and that business is part of a larger enterprise under section 3(r) of the Act, 29 U.S.C. §203(r), as described further in Paragraph XIV, which is uniformly operated within the jurisdiction of this court.  Accordingly, this court is also the appropriate venue for an action against this Defendant.

VI.

For the time period relevant to this complaint, Defendant Grill Kabob of Manassas, Inc., operated and/or continues to operate a place of business, specifically a restaurant, at 8300 Sudley Road, Ste. 83 in Manassas, Virginia 20109, and that business is part of a larger enterprise under section 3(r) of the Act, 29 U.S.C. §203(r), as described further in Paragraph XIV, which is

uniformly operated within the jurisdiction of this court.  Accordingly, this court is also the appropriate venue for an action against this Defendant.

### VII.

For the time period relevant to this complaint, Defendant Reston Kabob, Inc., operated and/or continues to operate a place of business, specifically a restaurant, at 11844 Sunrise Valley Dr. in Reston, Virginia 20191, and that business is part of a larger enterprise under section 3(r) of the Act, 29 U.S.C. §203(r), as described further in Paragraph XIV, which is uniformly operated within the jurisdiction of this court.  Accordingly, this court is also the appropriate venue for an action against this Defendant.

### VIII.

For the time period relevant to this complaint, Defendant Grill Kabob Express, Inc., operated and/or continues to operate a place of business, specifically a restaurant, at 1961 Chain Bridge Road, Virginia 20109, and that business is part of a larger enterprise under section 3(r) of the Act, 29 U.S.C. §203(r), as described further in Paragraph XIV, which is uniformly operated within the jurisdiction of this court.  Accordingly, this court is also the appropriate venue for an action against this Defendant.

### IX.

For the time period relevant to this complaint, Defendant Grill Kabob of Montgomery, Inc., operated and/or continues to operate a place of business, specifically a restaurant, at 7101 Democracy Boulevard in Bethesda, Maryland 20817, and that business is part of a larger enterprise under section 3(r) of the Act, 29 U.S.C. §203(r), as described further in Paragraph XIV, which is uniformly operated within the jurisdiction of this court. Accordingly, this court is also the appropriate venue for an action against this Defendant.

X.

For the time period relevant to this complaint, Defendant Grill Kabob of Lake Forest, Inc., operated and/or continues to operate a place of business, specifically a restaurant, at 701 Russell Avenue, Gaithersburg, Maryland 20877 and that business is part of a larger enterprise under section 3(r) of the Act, 29 U.S.C. §203(r), as described further in Paragraph XIV, which is uniformly operated within the jurisdiction of this court. Accordingly, this court is also the appropriate venue for an action against this Defendant.

XI.

Defendant Naser Shoja resides at 16607 Goldencrest Circle in Purcellville, Virginia 20132 and operates at least one of the above referenced Grill Kabob restaurants which is within the jurisdiction of this court.

XII.

Defendant Omar Shoja resides at 16658 Goldencrest Circle in Purcellville, Virginia 20132 and operates at least one of the above referenced Grill Kabob restaurants which is within the jurisdiction of this court.

XIII.

Defendant Sher Shoja resides at 16821 Falconhurst Drive in Purcellville, Virginia  20132 and operates at least one of the above referenced Grill Kabob restaurants which is within the jurisdiction of this court.

XIV.

The business activities of the Defendants, as described herein and hereinafter referred to as Grill Kabob Restaurants, were and are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning

of Section 3(r) of the Act, 29 U.S.C. §203(r).  The restaurants shared a common trade name, joint

website, and common individual owners.

## XV.

At all times hereinafter mentioned, Defendants had employees engaged in commerce or

in the production of goods for commerce, including employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce by any

person, such as food goods that have travelled across state lines.  Further, at all times hereinafter

mentioned, Defendants had an annual gross volume sales made or business done of not less than

$500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of

the Act, 29 U.S.C. §203(s)(1)(A).

## XVI.

Defendants Naser Shoja, Omar Shoja, and Sher Shoja handle all management duties of

the enterprise, including hiring, employing, disciplining and firing employees working at the

enterprise.  Accordingly, Defendants Naser Shoja, Omar Shoja, and Sher Shoja are employers

under Section 3(d) of the Act, 29 U.S.C. §203(d).

## XVII.

1.      During the period from March 29, 2013 through March 28, 2015 (the time period

relevant to this Complaint), Defendants employed individuals to work at numerous Grill Kabob

Restaurants primarily located in northern Virginia, but also in the District of Columbia and

Maryland .  These employees performed duties such as cooking, cleaning, cashier, and other

duties necessary to run the Grill Kabob Restaurants.  Although the number of hours worked by

these employees varied widely, most worked on average approximately 65 hours per week.

2.      During the period from March 29, 2013 through March 28, 2015, Defendants paid these employees a weekly salary that varied per employee. These salaries ranged from approximately $360 to $580 per week, resulting in hourly payment ranging from approximately $5.54 to $8.92. As such, the Defendants did not consistently compensate these employees in accordance with Section 6 of the Act, 29 U.S.C. §206, as the majority of wages were paid at rates less than $7.25 per hour.

3.      During the period from March 29, 2013 through March 28, 2015, Defendants did not compensate these employees in accordance with Section 7 of the Act, 29 U.S.C. §207, in workweeks in which an employee worked over 40 hours.   Specifically, in workweeks when these employees worked more than 40 hours, the hourly rate for hours worked over 40 in a workweek was less than one and one half the regular rate.   The amount of weekly overtime payment owed to each employee varies depending on the number of hours each employee actually worked.

4.      The Defendants exercised control over the employees' work, including but not limited to giving assignments to the employees, scheduling the employees, supervising the employees, and determining their hourly rate of pay.   The services provided by the employees were integral to the Defendants' restaurant business.

XVIII.

As described in Paragraph XVII, above, during the period from at least March 29, 2013 through March 28, 2015, the Defendants have violated the provisions of Sections 6 and 15(a)(2) of the Act by employing the employees in an enterprise engaged in commerce or the production of goods for commerce within the meaning of the Act, by paying the employees wages at rates less than that required by Section 6 of the Act.

XIX.

As described in Paragraph XVII, above, during the period from March 29, 2013 through at least March 28, 2015, the Defendants have violated the provisions of Sections 7 and 15(a)(2) of the Act by employing the employees in an enterprise engaged in commerce or the production of goods for commerce within the meaning of the Act, for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates not less than one and one-half times the regular rates at which they were employed, as required by the Act and applicable regulations .

XX.

During the period from March 29, 2013 through at least March 28, 2015, Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to make, keep, and preserve adequate and accurate records of many of its employees' wages, hours and other conditions of their employment, as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516 in that its records failed to show, among other things, the actual hours worked each day and the total hours worked each week by many of its employees.

XXI.

During the period from March 29, 2013 through at least March 28, 2015, Defendants continually violated the provisions of the Act as alleged in Paragraphs XVII through XX above. A judgment permanently enjoining and restraining the violations herein alleged (including restraining of withholding of minimum wage back wages or overtime compensation) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

XXII.

As a result of the violations alleged in Paragraphs XVII through XX above, amounts are owed for hours worked that were paid at rates less than the rates set forth in Section 6 of the Act and Section 7 of the Act for the employees named in Schedule A attached to Plaintiff's Complaint.

XXIII.

A judgment granting recovery of said amounts referred to in Paragraph XXII, together with an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against the Defendants as follows:

1.      For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, as well as Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

2.      For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Schedule A (additional minimum wage back wages and overtime compensation and/or liquidated damages may be owed, for the period covered by this Complaint, to certain present and former employees who were or are employed by Defendants who are presently unknown to Plaintiff);

3.      In the event liquidated damages are not awarded under Section 16(c) of the Act,

for an Order pursuant to Section 17 of the Act enjoining and restraining Defendants and

Defendants' officers, agents, servants, employees, and those persons in active concert or

participation with Defendants, from withholding payment of minimum wage back wages or

overpayment compensation found due Defendants' employees and pre-judgment interest

computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26

U.S.C. § 6621;

4.      For an Order granting such other and further relief as may be necessary and

appropriate.

Respectfully submitted,

M. Patricia Smith
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Douglas N. White
Associate Regional Solicitor

Elizabeth Lopes Beason
Regional Counsel


BY: J. Matthew McCracken
Attorney
U.S. Department of Labor
Office of the Regional Solicitor
201 12TH Street South, Suite 500
Arlington, VA  22202
(202) 693-9376
mccracken.john.m@dol.gov

U.S. DEPARTMENT OF LABOR