UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Thomas Perez, Secretary of Labor**<br>United States Department of Labor<br>(Wage and Hour Division)<br><br>Plaintiff,<br><br>v.<br><br>**D.C. Kabob, Inc., Grill Kabob of Washington, Inc., Grill Kabob of Dulles, Inc., Grill Kabob of Herndon, Inc., Grill Kabob of Manassas, Inc., Reston Kabob, Inc., Grill Kabob Express, Inc., Grill Kabob of Montgomery, Inc., Grill Kabob of Lake Forest, Inc. d/b/a Grill Kabob Restaurants** and<br><br>**Naser Shoja,** individually and as owner of Grill Kabob of Dulles, Inc., Grill Kabob of Herndon, Inc., Grill Kabob of Manassas, Inc., Grill Kabob Express, Inc., D.C. Kabob, Inc., Grill Kabob Of Washington, Inc., Grill Kabob of Montgomery, Inc., Grill Kabob of Lake Forest, Inc., and<br><br>**Omar Shoja,** individually and as owner of Grill Kabob of Dulles, Inc., Grill Kabob of Herndon, Inc., Grill Kabob of Manassas, Inc., Grill Kabob Express, Inc., D.C. Kabob, Inc., Grill Kabob of Washington, Inc., Grill Kabob of Montgomery, Inc., Grill Kabob of Lake Forest, Inc., and<br><br>**Sher Shoja,** individually and as owner of Grill Kabob of Herndon, Inc., Grill Kabob of Manassas, Inc., Grill Kabob Express, Inc., D.C. Kabob, Inc., Grill Kabob of Washington, Inc., Grill Kabob of Montgomery, Inc., Grill Kabob of Lake Forest, Inc.,<br><br>Defendants. | Civil Action No. 1:15-cv-02049 |

## CONSENT JUDGMENT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor (hereinafter "the Secretary"), and Grill Kabob of Dulles, Inc.; Grill Kabob of Herndon, Inc.; Grill Kabob of Manassas, Inc.; Reston Kabob, Inc.; Grill Kabob Express, Inc.; Grill Kabob of Washington, Inc.; D.C. Grill Kabob, Inc.; Grill Kabob of Montgomery, Inc.; and Grill Kabob of Lake Forest, Inc., known collectively as "Grill Kabob Restaurants" as well as Naser Shoja, Omar Shoja, Sher Shoja, individually and in their corporate capacities (hereinafter known as the "Defendants"), hereby waive both service and answering the complaint and concede that this Court has personal jurisdiction and venue over the Defendants. Defendants further agree to the entry of this Consent Judgment. Therefore, upon the motion of both parties, and for good cause shown, it is:

1.  ORDERED, ADJUDGED, AND DECREED by the Court that upon full compliance with the terms of this Consent Judgment, the dispute between the Secretary and the Defendants with regard to violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.*, (hereinafter "the Act") for the period from March 29, 2013 until March 28, 2015, shall be resolved.

2.  It is FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that the Defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest shall be, and hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11, 15(a)(2) and 15(a)(5) of the Act in the following manner:

2

      a.      Defendants shall not, contrary to Section 3(m) and Section 6 of the Act, pay any of their employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, wages less than the Federal minimum wage.

      b.      Defendants shall not, contrary to Section 7 of the Act, employ any of their employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, for longer than 40 hours in any workweek unless the employees receive compensation for their employment in excess of the maximum hours prescribed by Section 7 of the Act, at rates not less than one and one-half the regular rates at which they are employed.

      c.      Defendants shall not, contrary to Section 11 of the Act, fail to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment they maintain.

3.      It is FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that the Defendants are jointly and severally liable for the total amount of $851,973.61, as agreed to by the parties, which constitutes $422,455.13 due in back wages and $422,455.13 in liquidated damages, plus $7,063.35 in interest. Defendants shall pay the amounts owed in accordance with the following terms:

      a.      The Defendants will make the payments directly to the affected employees and in compliance with the payment terms identified in the Installment Amortization Schedules attached hereto as Exhibits A through H. Neither the Defendants nor anyone acting on the Defendants' behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages pursuant to this Consent Judgment.

3

   b.  In accordance with the Installment Amortization Schedules the Defendants will pay these employees liquidated damages first, and then back wages after all claims for liquidated damages have been satisfied. The payments for back wages are designated by an asterisk (*) placed by the employee's name. The defendants shall withhold any applicable Federal, state, and local taxes from payments for back wages. The Defendants shall remain responsible for the payment of all deductions considered to be the "employer's share" from back wages including, but not limited to, Federal Insurance Contributions Act (FICA) tax and Unemployment Insurance (UI) tax.

   c.  Within two weeks (14 days) after each payment is made, the Defendants will deliver the Secretary's representative, Mark Lara, District Director, U.S. Department of Labor, Wage & Hour Division, 2300 Clarendon Boulevard, Suite 503, Arlington, Virginia 22201, 443-872-0120 (voice & fax), evidence of payment in the form of a cancelled check, proof of electronic payment, or any signed WH-58 receipt forms the employer has received at that time.

   d.  The Defendants have the right to prepay the installment agreement in part or in full at any time without penalty. The Defendants also have the right to make additional payment towards the principal on any installment due date, but if the Defendants exercise this privilege, it will not excuse payments due in subsequent months.

   e.  Should the Defendants fail to make any agreed payment as scheduled, the entire unpaid balance will be immediately due and payable, together with such additional collection and court costs as may be incurred by the Secretary in pursuing collection.

   f.  The Defendants agree to provide the Secretary's representative with a listing of all employees the Defendant cannot locate, their last known address, social security

4

number (if possible), and their gross and net amounts due as soon the Defendants determine that they are unable to locate an employee due back wages, but no later than 30 days from the employer's initial attempt to pay that employee. The employer should indicate what means were used to attempt to locate the employee.

g.  In the event that any employees cannot be located, or refuse to accept the back wages, the employer agrees to deliver to the Secretary's representative a cashier's or certified check, payable to "Wage and Hour Division – Labor" to cover the total net due all such employees on or before March15, 2018. After three years, any monies which have not been distributed because of inability to locate the proper persons or because of their refusal to accept payment shall be covered by the Treasury of the United States as miscellaneous receipts pursuant to 28 U.S.C. §§ 2041 and 2042.

h.  The employer agrees to provide the Secretary's representative no later than March 15, 2018 any remaining signed WH-58 receipt forms not yet provided to Wage and Hour or a cancelled check (or some reasonable facsimile) for every person the Defendant has paid per this agreement.

i.  In resolving this matter, the Defendant hereby waives all rights and defenses which may be available , including but not limited to Section 6 of the Portal-to-Portal Act (29 U.S.C. § 255).

j.  This debt is subject to the assessment of interest, administrative cost charges and penalties in accordance with the Debt Collection Improvement Act of 1996 and departmental policies. Interest will be assessed at the Treasury Tax and loan account rate on any principal that becomes delinquent. This rate is currently 1%. A penalty at the rate of 6.0% will be assessed on any portion of the debt remaining delinquent for more than 90 days.

5

k.  In the event of default, the Secretary intends to pursue additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

l.  Any rights to challenge or contest the validity of this Consent Judgment are hereby waived.

m.  By entering into this Consent Judgment, the Secretary does not waive its right to conduct future investigations under the Fair Labor Standards Act and take appropriate enforcement action, including assessment of civil money penalties with respect to any violations disclosed by such investigations.

4.  It is FURTHER ORDERED, ADJUDGED, AND DECREED that neither the Defendants nor anyone acting on the Defendants' behalf shall directly or indirectly discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the Act, or has testified or was about to testify in any such proceeding, or has served or was about to serve on an industry committee.

6.  It is FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

The Clerk is directed to transmit certified copies of this Consent Judgment to counsel of record herein.

Date December 16, 2015

_Colleen Kollar-Kotelly_
US District Court Judge

6

U.S. District Court Judge

Date  11/24/15                              /s/ *[signature]*
                                            Richard S. Sternberg, Esq.
                                            DC Bar No. 376220
                                            6509 Persimmon Tree Road #100
                                            Potomac, Maryland 20818
                                            202-530-0100
                                            Richard@MWLC.org

                                            ATTORNEY FOR DEFENDANTS

The Plaintiff has reviewed this Judgment and agrees to its entry.

Date  November 24, 2015                     *[signature]* J. Matthew McCracken
                                            J. Matthew McCracken, Esquire
                                            Attorney
                                            VA Bar No. 31475
                                            U.S. Department of Labor
                                            Office of the Regional Solicitor
                                            201 12th Street South
                                            Suite 500
                                            Arlington, VA  22202-5450
                                            (202) 693-9377
                                            (202) 693-9392 (fax)
                                            mccracken.john.m@dol.gov

                                            ATTORNEY FOR PLAINTIFF

7